1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    GAYLIN LYNN BURLESON,                    No. C 05-1263 SI (pr)

9              Petitioner,              **ORDER DENYING REQUEST FOR**
                                        **STAY AND ABEYANCE**
10        v.

11   SCOTT KERNAN,

12             Respondent.
     _____/
13

14        Petitioner has requested a stay of the proceedings in this habeas action so that he may

15   return to state court to exhaust state court remedies as to a new claim he wants this court to

16   consider.  The new claim he wants to assert is that he was denied his right to a jury trial in

17   connection with certain sentence enhancements and the restitution order.  Respondent has

18   opposed the request, arguing that a stay is inappropriate because the claim sought to be

19   exhausted is meritless.

20        A district court may stay a mixed habeas petition to allow the petitioner to exhaust his

21   unexhausted claims in state court.  Rhines v. Webber, 544 U.S. 269, 277-78 (2005).  In Rhines,

22   the Court discussed the stay-and-abeyance procedure for mixed habeas petitions.  Rhines

23   cautioned district courts against being too liberal in allowing a stay because a stay works against

24   several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996

25   ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a

26   petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of

27   streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his

28   claims in state court prior to filing his federal petition."  Rhines, 544 U.S. at 277.  A stay and

*United States District Court*
*For the Northern District of California*

abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not plainly meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Burleson's request falters under the Rhines requirements.

Burleson was sentenced to 40 years to life. The jury found true the allegations that Burleson had suffered a 1971 murder conviction, a 1983 robbery conviction and a 1985 robbery conviction. He received a 25-to-life sentence based on the jury's findings that he had suffered prior convictions for the murder and two robberies. He also received three 5-year enhancements for his prior convictions based on findings made by the judge.

In the new claim he wants to assert, Burleson relies on a line of Supreme Court cases that started with Apprendi v. New Jersey, 530 U.S. 466 (2000). The rule from that line of cases is that, "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence [than the statutory maximum] must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." Cunningham v. California, 127 S. Ct. 856, 863-64 (2007). The relevant statutory maximum "'is not the maximum sentence a judge may impose after finding additional fact, but the maximum he may impose without any additional findings." Id. at 860 (quoting Blakely v. Washington, 542 U.S. 296 303-04 (2004)).

Staying this action while Burleson exhausts the claim is not appropriate because the claim appears plainly meritless, see Rhines, 544 U.S. at 277, and he will be unable to show that an eventual rejection of it by the state court would be contrary to or an unreasonable application of clearly established federal law, as set forth by the Supreme Court. Burleson's claim runs into the problem that the statutory maximum for his crime is life imprisonment because he was sentenced under California's Three Strikes law. See CT 3157 (defendant was sentenced pursuant to California Penal Code § 667(b)-(I) or § 1170.12). The claim he wants to pursue concerns the minimum number of years he must serve on that life sentence before he is eligible for parole. Nothing in the judge's determinations of the sentence enhancements will cause Burleson's

sentence to extend beyond the life maximum to which he was sentenced and for which he may be imprisoned based on the third strike conviction.  That the <u>Apprendi</u> line of cases does not apply is evidenced by the fact that an indeterminate sentencing scheme is one of the proposed solutions to the jury trial problems caused by determinate sentencing schemes the Court has invalidated.  <u>See, e.g.</u>, <u>Blakely</u>, 542 U.S. at 305 (citing with approval <u>Williams v. New York</u>, 337 U.S. 241 (1986) (judge's consultation of facts outside the trial record to decide whether to sentence defendant to death did not violate the jury trial right because the indeterminate sentencing scheme allowed the judge to sentence the defendant to death or imprisonment)); <u>see also</u> <u>id.</u> at 332 (Breyer, J., dissenting) (noting that one of the alternatives to Guidelines-type sentencing scheme is indeterminate sentencing, such as California's former system).  In <u>Blakely</u>, the Court explained that indeterminate sentencing that gives a judge greater judicial power to set the sentence does not infringe on the province of the jury: "It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to the lawful imposition of the penalty.  Of course, indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion.  But the facts do not pertain to whether the defendant has a legal <u>right</u> to a lesser sentence–and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." <u>Blakely</u>, 542 U.S. at 308-09.  Furthermore, to the extent Burleson's argument depends on an overruling of existing Supreme Court precedent, <u>see</u> Request For Stay, Exh. A, pp. 22-24 (arguing that <u>Almendarez-Torres v. United States</u> 523 U.S. 224 (1998), was wrongly decided), his prospects for success under 28 U.S.C. § 2254(d) are especially bleak.

Staying this action while Burleson exhausts state court remedies is not appropriate for the separate reason that Burleson has not shown good cause for this failure to exhaust his claim first in state court, <u>see</u> <u>Rhines</u>, 544 U.S. at 277.  Burleson is trying to pursue a claim known to him since 2000.  He alleged in his motion for new trial on March 30, 2000, that the element of force had not been submitted to the jury on the murder and two robberies, the enhancement could not

be imposed.  See CT 3083.  Although he initially cast it as an insufficient evidence claim, in an April 20, 2000 response to the prosecution's opposition, Burleson asserted a denial of his right to a jury trial on prior conviction sentencing enhancement allegations.  See CT 3147-3150.  This is the same claim he is trying to raise seven years later.

Burleson's efforts to urge that his claim gained life only after the U.S. Supreme Court decided Cunningham v. California, 127 S. Ct. 856 (2007), are unpersuasive.  Cunningham dealt with a part of California's sentencing law (i.e., the sentence triad of lower/middle/upper terms) not at issue in the present case.  In Cunningham, the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an upper term sentence based on aggravating facts that it found to exist by a preponderance of the evidence.  Id. at 860, 870-71. The court was directed under the sentencing law to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense.  Id. at 862. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in Apprendi.  Id. at 871.  Burleson's sentence was not chosen from the lower/middle/upper term triad but instead was an indeterminate term.  In other words, because he was a repeat offender with sentence enhancement allegations pertaining to his prior convictions, he was sentenced under a different part of the California sentencing law than that invalidated in Cunningham.  In no way did he need to wait for Cunningham to be decided to assert the claim he now wants to exhaust.  The fact that Cunningham was the first in the Apprendi line to address a California sentence does not matter: the Supreme Court will not do fifty decisions to address the sentencing schemes in each of the fifty states so a prisoner cannot claim a need to wait until the Supreme Court tackles the sentencing laws in that particular prisoner's state.  In sum, Cunningham did nothing to advance Burleson's position or to enable him to argue a claim that had theretofore been barred.

1        For the foregoing reasons, petitioner's request for a stay and abeyance is DENIED.

2   (Docket # 27.)

3        IT IS SO ORDERED.

4   DATED: November 15, 2007

                                                    _____
5                                                   SUSAN ILLSTON
                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28